The document below is hereby signed.

Signed: July 13, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAMELA RUSSELL BALL, | ) | Case No. 10-00371 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DIRECTING WILFREDO PESANTE TO DISGORGE FEES

Pursuant to a hearing of July 12, 2010, the court heard evidence and argument of counsel regarding the issue of whether the debtor's attorney, Wilfredo Pesante, should be required to disgorge fees, and in an oral ruling the court decided to order a disgorgement of the entire $1,250.00 fee received by Pesante for this case.

One aspect of the ruling deserves further elaboration. Pesante failed to include on the debtor's schedules the claim under certain federal lending statutes (commonly known as TILA, HOEPA, and RESPA) against the debtor's former mortgagee that, if successful, could lead to an award of damages. The debtor, Ball, had hired Pesante initially to represent her with respect to such a federal court lawsuit against the mortgagee, and paid a $7,500

fee for that purpose.  She later filed the instant bankruptcy case with Pesante's assistance as her attorney in exchange for a $1,250 fee (paid for out of the $7,500 already paid).  Pesante decided not to schedule the potential lawsuit because it was contingent on an appeal in the Maryland appellate court system removing the possible res judicata effect of a lower court ruling.  The debtor's schedules plainly called for her to schedule any claim she held, even if a contingent claim.  Failure to schedule the claim will result in the claim not being abandoned upon the closing of the case, and thus remaining property of the estate that remains protected by the automatic stay of 11 U.S.C. § 362(a), thereby preventing Ball from pursuing the cause of action.  In addition, even if the claim were deemed to be abandoned, she faces a potential defense, on the part of the mortgagee, of judicial estoppel.  The failure to schedule the asset will potentially subject Ball to additional expense by reason of the problems that the failure raises.

In addition, Pesante failed to appear at the meeting of creditors to represent Ball when she was examined under oath, failed timely to correct deficiencies in Ball's filings after being notified to correct the deficiencies, and forced Ball to file her own response to an order to show cause why the case ought not be dismissed based on failure to correct those deficiencies.  Overall, the handling of Ball's case was so shoddy

that Pesante deserves no compensation in this case.[1]  The quality of Pesante's work may have suffered as a result of illnesses of Pesante's relatives and disruptions in his office, but that does not justify charging Ball a fee.  It is thus

ORDERED that within 21 days after entry of this order, Wilfredo Pesante shall disgorge to the debtor, Pamela Russell Ball, the $1,250.00 in fees he received for representing her in this bankruptcy case, and he shall by that same deadline file and serve on the United States Trustee a statement confirming compliance with this order.  It is further

ORDERED that the court reserves for further ruling whether additional sanctions or disciplinary action against Wilfredo Pesante are appropriate after it concludes hearings in other cases presenting similar issues, and the hearing in that regard is continued to August 20, 2010, at 12:00 noon.

[Signed and dated above.]

Copies to: Debtor; Wilfredo Pesante, Esq.; Chapter 7 Trustee; Office of United States Trustee.

---

[1]  It deserves noting that Pesante delegates work to paralegals in his office but has disclaimed certain papers that they have executed on his behalf, including even his own statement disclosing compensation under Fed. R. Bankr. P. 2016(b).  That Rule 2016(b) statement was entirely accurate (despite Pesante's disavowal) based on Ball's entirely credible testimony.  The ultimate responsibility for the case rests with the attorney, and he bears responsibility for the filings in the case.