The document below is hereby signed.

Signed: August 26, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAMELA RUSSELL BALL, | ) | Case No. 10-00371 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING MOTION
TO VACATE AND MOTION FOR LEAVE TO FILE OUT OF TIME

This addresses the motions filed by the debtor's former attorney, Wilfredo Pesante, to vacate this court's order to disgorge fees and for leave to file such motion out of time. The time for filing a motion under Fed. R. Civ. P. 59, made applicable to these proceedings by Fed. R. Bankr. P. 9023, expired without Pesante filing a motion to vacate the judgment because Pesante had additional evidence he wished to present. In a bankruptcy case, the time for filing a Rule 59 motion may not be extended. See Fed. R. Bankr. P. 9006(b)(2). Accordingly, Pesante's motion for leave to file the motion to vacate out of time must be denied.

The second motion, seeking to vacate the order to disgorge fees, must be treated as a motion under Fed. R. Civ. P. 60, and

the motion fails to set forth grounds for vacating the judgment under Rule 60.  The motion complains that Pesante should have been allowed time to call witnesses at the original trial, a matter properly addressed under Rule 59, not Rule 60.  Pesante's contention is not that he has evidence he could not have discovered with reasonable diligence in time to move for a new trial under Rule 59(b), but that he had evidence he knew of already that he should have been allowed to present.  Accordingly, Rule 60(b)(2) does not apply.  It is thus

ORDERED that the motion to vacate (Dkt. No. 59) and the motion for leave to file out of time (Dkt. No. 61) are DENIED.

[Signed and dated above.]

Copies to: Wilfredo Pesante; Debtor; Chapter 7 Trustee; Office of United States Trustee.