The document below is hereby signed.

Signed: September 03, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAMELA RUSSELL BALL, | ) | Case No. 10-00371 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

SUPPLEMENTAL MEMORANDUM DECISION RE MOTION
TO VACATE AND MOTION FOR LEAVE TO FILE OUT OF TIME

Regardless of whether Wilfredo Pesante's motion to vacate the disgorgement order could be allowed to be filed at this time, the grounds advanced in his motion to vacate are without merit.

I

Pesante had clear and adequate notice of exactly what the court was going to consider at the July 12, 2010 hearing. The court's order to show cause noted that the debtor had filed a motion seeking an extension of time to cure certain deficiencies that, when left uncorrected, led to the striking of numerous documents in this case (Dkt. No. 18); that she alleged in her motion that Pesante not only failed to respond to this court's deficiency notice, but that he also left her to represent herself at the meeting of creditors on May 20, 2010; and that she alleged

that Pesante neither responded to the order to strike nor responded to the debtor's communications pertaining to the order to strike. The order to show cause further indicated that "Pesante . . . filed a Rule 2016(b) statement disclosing that he received $1,250.00 from the debtor to represent her in this case," and directed him to show cause why his fees ought not be disgorged. The court's order to show cause directed that it was:

> ORDERED that within 7 days after entry of this order, Mr. Pesante shall show cause, by a writing filed with this court, why any fee he received in connection with this bankruptcy case ought not be disgorged. It is further
> ORDERED that the court will hold a hearing on **June 29, 2010, at 9:30 a.m.** to address the issue of disgorgement and the question of whether Mr. Pesante's conduct warrants further disciplinary action.

[Emphasis in original.]

Pesante's response did not raise any question regarding the amount of fees he had received. Pesante having raised no issue in his response regarding the accuracy of his own Rule 2016(b) statement regarding the amount of fees that he had received in the case, the only issue remaining to be heard was the adequacy of Pesante's service.

In any event, the evidence at the hearing clearly established that in December 2009 or January 2010, the debtor had paid Pesante $7,500, and that when the bankruptcy case was filed, Pesante and the debtor agreed that $1,250 would be paid from that $7,500 for the bankruptcy case, as is consistent with Pesante's

2

Rule 2016(b) statement. Indeed, Pesante acknowledged at the hearing that "we gave her a credit for $1250 for her bankruptcy." July 12, 2010 Tr. at 68.

As to the other issue regarding disgorgement (the adequacy of services), Pesante argues that:

> Mr. Pesante believed that this would be a closed hearing where he was required to proffer an explanation to the court of his reasons for delay in various cases. Mr. Pesante did not understand that the court was prepared to conduct a full blown trial, take sworn testimony from various parties and trustees, enter evidence into the record, and enter a judgment against Mr. Pesante.

Pesante had fair notice that the question of disgorgement was to be heard on the hearing date. The order to show cause afforded Pesante the opportunity "to proffer an explanation to the court of his reasons for delay" by requiring him to show cause in writing why the fees ought not be disgorged, and set a hearing "to address the issue of disgorgement" to be held only after that response was filed. In other words, the order to show cause clearly indicated that the issue of disgorgement was to be heard on the hearing date, in conformance with the court's authority "on the court's own initiative . . . after notice and a hearing . . . [to] determine whether any payment of money . . . by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by . . . the debtor . . . to an attorney for services rendered or to be rendered is excessive." Fed. R. Bankr. P. 2017(a). Under that Rule (and

3

under the statutory authority of 11 U.S.C. § 329(b) that it implements), the court's examination of a debtor's transactions with an attorney necessarily entails the taking of evidence.

## II

Moreover, when the court commenced hearing evidence at the hearing, Pesante did not object that he had not been given notice that evidence would be taken, and he thereby waived the objection.  It was only at a later stage of the hearing that he argued that he had not realized that the hearing was to be an evidentiary hearing.

## III

In any event, Pesante had an adequate opportunity to present pertinent evidence at the hearing.  As the attorney whose misconduct was being scrutinized, he was able to testify regarding whether he engaged in any such misconduct.  Moreover, the file in the case evidenced the minimal work he had performed for the debtor in the case, and what he filed was often handled

ineptly.[1]

IV

Not surprisingly, Pesante has not shown that he could present evidence that would alter the outcome of the proceeding. As the United States Trustee observes:

> The court found that the fees charged by Mr. Pesante were excessive and unwarranted because the case was handled in an unprofessional manner, that the debtor was left to navigate the meeting of creditors on her own, that she had to respond to the court's order on her own, [and] that Mr. Pesante failed to protect her interest in disclosing in her bankruptcy schedules the very lawsuit that he had been hired to handle.  These findings are more than adequate to justify a disgorgement of fees under 11 U.S.C. 329(b).

Pesante does not proffer any evidence that he could now present that would warrant setting aside those findings of facts, which are indisputable, and which fully justify the order to disgorge fees.

Regardless of why Pesante failed to perform in an adequate manner, the result was that his inadequate services warrant a

---

[1] One example suffices to illustrate Pesante's inept filings.  The court entered an order striking certain required documents as having utilized improper forms, and directed the debtor to show cause why the case ought not be dismissed based on the documents having been stricken.  When Pesante failed to respond to the debtor's inquiries regarding the order to show cause, the debtor was forced to file on her own a **timely** motion, in response to the order to show cause, requesting an extension of the time for the debtor to cure the deficiencies that gave rise to the order striking the documents.  When Pesante filed an **untimely** response to the order to show cause, he did so by a motion to vacate a non-existent order of dismissal, and referred to the debtor's intent to commence chapter 13 plan payments when this was a chapter 7 case, not a chapter 13 case.

5

disgorgement of fees.  Pesante bears responsibility as the professional hired by the debtor for the inadequacy of his services.  Pesante himself explained at the hearing that *he* decided that the debtor's lender liability claims did not need to be scheduled (in blatant disregard of the debtor's obligation to schedule contingent claims); Pesante himself failed to appear on the debtor's behalf at the meeting of creditors; and Pesante himself explains that the failure timely to file proper papers in the case arose from problems in his office and illnesses and deaths in his family, but he took no steps to notify the debtor that she should hire new counsel who could adequately attend to her case.  Although Pesante (or paralegals in his office) prepared papers that the debtor filed in the case, the harms the debtor suffered far outweigh any benefit conferred upon her by that work.

V

For all of these reasons, Pesante's motion to vacate must be denied.  An order follows.

[Signed and dated above.]

Copies to: Wilfredo Pesante; Debtor; Chapter 7 Trustee; Office of United States Trustee; and by regular mail, Cynthia A. Niklas, Chapter 13 Trustee.